UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DAMILOLA ANIMASHAUN,

                              Plaintiff,

                            v.

CORRECTION OFFICER REGNER,

                              Defendant.
_____

DECISION AND ORDER

17-CV-6053L

       Plaintiff Damilola Animashau, appearing *pro se*, commenced this action under 42 U.S.C. § 1983. He is currently an inmate in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"). At the time he filed the complaint in January 2017, plaintiff was at Southport Correctional Facility, which is in the Western District of New York.

       Plaintiff has asserted a claim against a single defendant, Officer Regner, who, plaintiff alleges, spat on him and threw a "green substance" on plaintiff, that caused plaintiff to suffer irritation on his skin. That alleged event occurred at Auburn Correctional Facility, which is in the Northern District of New York.

       Regner has moved to dismiss, or in the alternative to transfer this case, based on improper venue. Plaintiff opposes the motion, on the ground that the harm caused by Regner's alleged acts continued after plaintiff's transfer to Southport.

Defendant's motion to transfer is granted. Insofar as is relevant to this case, 28 U.S.C. § 1391(b) provides that a civil action may be brought in "a judicial district in which any defendant resides," or "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred ... ." Regardless of whether plaintiff continued to suffer the effects of Regner's alleged actions after his transfer to Southport, the alleged acts giving rise to his claim occurred in the Northern District. That is also, apparently, the district in which Regner resides.[1] See Complaint at 2. The Northern District of New York is therefore the appropriate venue for this action.

## CONCLUSION

Defendant's motion to transfer this action (Dkt. #19) is granted. The Clerk of the Court is hereby ordered to transfer this action to the United States District Court for the Northern District of New York.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
August 14, 2018.

---

[1] Plaintiff has sued Regner in both his individual and official capacities. Although I see no basis for an official-capacity claim, the Court need not reach that issue now. But with respect to both claims, the proper venue is the Northern District of New York. See Akbar, Islam v. Cuomo, No. 94 Civ. 7757, 1995 WL 539638, at *1 (S.D.N.Y. Sept. 8, 1995) ("For venue purposes, public officials sued in their official capacities 'reside' where they perform their official duties").